Filed 11/5/13  P. v. King CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>IVORY R. KING,<br><br>　　　　Defendant and Appellant. | B245989<br><br>(Los Angeles County<br>Super. Ct. No. MA057833) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Steven D. Ogden, Judge.  Affirmed.

Cynthia L. Barnes, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant, Ivory R. King, appeals from the judgment entered following his plea of no contest to petty theft with three priors (Pen. Code, § 666, subd. (a))[1] and his admission he previously had been convicted of residential, first degree burglary (§ 459) within the meaning of the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). The trial court sentenced King to 32 months in state prison. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Facts.*[2]

On October 30, 2012, Los Angeles County deputy sheriffs responded to a call reporting a grand theft. When the deputies arrived at the location, they observed King "pushing some tires on a street." The deputies detained King then found additional tires, a jack and other equipment in a vacant lot. The tires and other merchandise were determined to have been taken from the KG Grand American Tire Company and, after King was placed under arrest, the tires and other items were returned to the company.

2. *Procedural history.*

In a felony complaint filed on November 1, 2012, King was charged with one count of petty theft with three priors in violation of section 666, subdivision (a). It was alleged King, "who did unlawfully and in violation of . . . section 484[, subdivision] (a), . . . take and carry away the personal property of KJ Grand American Tires" had also previously been convicted of and served prison terms for a burglary committed in 2003, a petty theft with a prior committed in 2000 and a petty theft with a prior committed in1994. It was further alleged King had suffered two prior convictions for the serious felony of residential burglary within the meaning of the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and previously had been convicted of four counts of burglary and two counts of petty theft with a prior for which he served prison terms within the meaning of section 667.5, subdivision (b). Finally, it was alleged that any

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

[2]     The facts have been taken from the probation report.

2

sentence imposed in the present matter was to be served in state prison pursuant to section 1170, subdivision (h)(3).

At proceedings held on November 1, 2012, counsel for King indicated King wished to accept the People's offer. King would, under the terms of the proposed disposition, plead no contest to count 1, the petty theft with three priors, and admit a "strike prior," a conviction for the serious felony of burglary. In exchange for his plea, King would be sentenced to a total term of 32 months in state prison.

After King waived his right to a preliminary hearing, his right to a jury or court trial, his right to subpoena witnesses in his defense at no cost to him, his right to testify on his own behalf and his right to remain silent, he pled no contest to "the charge of petty theft, with three prior convictions" and admitted he had been convicted of a residential burglary in San Fernando on May 1, 2003.[3] The trial court accepted the plea and admissions and found them "to be free, voluntary, knowing and intelligent." The court then indicated King had understood "the consequences of his plea and the waiver of his rights."

At the same proceedings, the trial court denied King a grant of probation and sentenced him to "the Department of Corrections for the low term of 16 months." As King had admitted having a prior conviction which amounted to a strike within the meaning of the Three Strikes law, the trial court doubled the term to 32 months. The court then awarded King presentence custody credit for three days actually served and three days of conduct credit, or six days.

The court imposed a $720 restitution fine (§ 1202.4, subd. (b)), a stayed $720 parole revocation restitution fine (§ 1202.45), a $40 court operations assessment (§ 1465.8, subd. (a)(1)), a $30 conviction assessment (Gov. Code, § 70373), a $10 crime prevention fine (§ 1202.5), a $29 penalty assessment and a $2 "criminal surcharge."

---

[3] King also admitted he had been convicted of a second count of residential burglary on May 1, 2003 and one count of petty theft with a prior on October 25, 2000.

King filed a timely notice of appeal on December 31, 2012.  King also filed a request for a certificate of probable cause in which he asserted he should have been charged with attempted petty theft with priors.  On January 4, 2013, the trial court denied King's request for a certificate.

## CONTENTIONS

After examination of the record, appointed appellate counsel filed an opening brief which raised no issues and requested this court to conduct an independent review of the record.

By notice filed July 31, 2013, the clerk of this court advised King to submit within 30 days any contentions, grounds of appeal or arguments he wished this court to consider.  No response has been received to date.

## REVIEW ON APPEAL

We have examined the entire record and are satisfied counsel has complied fully with counsel's responsibilities.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278-284; *People v. Wende* (1979) 25 Cal.3d 436, 443.)

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ALDRICH, J.

We concur:

KLEIN, P. J.                              CROSKEY, J.

4